[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10925
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00048-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD BURD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 6, 2013)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Edward Burd appeals his conviction, entered upon his conditional guilty

plea, for knowingly and intentionally possessing with intent to distribute 500 or

more grams of cocaine, in violation of 21 U.S.C. § 841.  He argues that the district court erred in denying his motion to suppress evidence of the cocaine, which was found during an inventory search of a car that he was driving after the car was impounded following a traffic stop.  His motion to suppress did not challenge the search, but rather the impoundment.  Specifically, he argued that the Florida Highway Patrol policy on impoundment does not sufficiently limit a law enforcement officer's discretion in determining whether to impound a vehicle, and thus lacks the explicit and comprehensive procedures that satisfy the Fourth Amendment's requirement that vehicle impoundments and inventory searches be performed according to standard criteria.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the findings of fact for clear error and the application of law to the facts *de novo*.  *See United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007).  In reviewing the district court's ruling, we must construe the facts in the light most favorable to the party prevailing below.  *Id*.

The community caretaking function is an exception to the Fourth Amendment's warrant requirement that permits police to inventory cars taken into custody.  *See South Dakota v. Opperman*, 428 U.S. 364, 369–72 (1976); *Colorado v. Bertine*, 479 U.S. 367, 371 (1987).  In order to utilize the inventory search exception to the warrant requirement, the government has the burden to show first

2

that the police possessed the authority to impound the vehicle, and then that the officers followed departmental policy in conducting the search. *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991).

"Nothing . . . prohibits the exercise of police discretion [in deciding to impound a vehicle] so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Bertine*, 479 U.S. at 375. *See also United States v. Roberson*, 897 F.2d 1092, 1094, 1096–97 (11th Cir. 1990) (concluding that the impoundment and inventory of a vehicle in accordance with standard police procedures was not unreasonable under the Fourth Amendment).

For a number of reasons, the district court did not err by denying Mr. Burd's motion to suppress the cocaine.

First, the FHP policy contained sufficient standardized criteria under *Colorado v. Bertine*. Although the FHP policy does not cover every conceivable situation that might confront an impounding officer, and thus requires some use of officer discretion, it provides seven situations in which vehicles "shall" be towed and impounded, and also delineates the purposes guiding the officer's decision. The reasonableness of the FHP's impoundment policy or practice "does not necessarily or invariably turn on the existence of alternative less intrusive means." *Bertine*, 479 U.S. at 374 (quotation omitted).

Second, the officer's decision to impound the car driven by Mr. Burd fulfills three of the FHP identified principles, namely: to protect the public or property of the public, to protect the owner's vehicle and property, and to protect FHP from liability claims. The district court's factual determination that leaving the car on the interstate highway would have created a hazard to the public is not clearly erroneous, and by the terms of the FHP policy this concern justified impoundment. *See Opperman*, 428 U.S. at 368-69. Turning the car over to Mr. Burd's passenger would not have protected the owner's property or protected the FHP from liability because neither Mr. Burd nor his passenger owned the vehicle or could identify the owner of the car. Contrary to Mr. Burd's assertions, evidence presented at the suppression hearing does not establish that his passenger actually knew the car's owner or had the owner's permission to drive the car. Furthermore, the vehicle's license plate and registration did not match. Under these facts, the district court properly concluded that the officer followed FHP policy by impounding the car to protect the public and the owner's interest in the car.

**AFFIRMED.**